### PORTER v. STATE. (No. 12614.)

Court of Criminal Appeals of Texas. June 12, 1929.

Rehearing Denied Oct. 23, 1929.

Thos. R. Bond, of Terrell, and Wynne & Wynne, of Kaufman, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for selling intoxicating liquor; punishment one year in the penitentiary.

We find in the record five bills of exception. The first complains of the overruling of an application for continuance because of the absence of Eugene Keith and John Brown. It is stated in the application that Keith resides in Smith county but is temporarily away from such county and cannot be located, but that his people live in Smith county, and defendant has reasonable expectation of locating him by the next regular term of court. It is also stated that John Brown resides in Titus county, but no return has been made on the subpœna, but that the defendant cannot locate the witness, who is temporarily absent, working as a clerk in a hotel in West Texas somewhere, as defendant is informed. The indictment in this case appears to have been returned February 25, 1925, and from the testimony we observe that it is apparent that appellant was the proprietor of a hotel in Kaufman, Tex., at the time alleged, and it is claimed that Keith and Brown were employees of the hotel. The state replied to the application and showed by testimony heard by the court that the witness Keith was a fugitive from justice, and that the officers had been searching for him and had been unable to locate him. We think the showing in the application of any knowledge of the location of the witness Brown was entirely too indefinite, and that the trial judge did not abuse his discretion in overruling the application for continuance.

Bills of exception Nos. 3 and 5 complain of testimony given by witnesses who do not appear from the statement of facts to have been introduced, or to have given any testimony; but the bills certifying such fact, we have examined them but find no merit in either. Bill of exceptions No. 4 complains of the testimony of the sheriff to the effect that he had a capias for appellant about 3½ years before locating him, and that he had been to various points seeking him. The objection to this was that it was not shown that appellant knew the fact that the sheriff had a capias for him. We do not deem it at all necessary to discuss the pertinence of the objection. The purpose of the introduction of the testimony of the sheriff was to shed what light it could upon the proposition of the flight of appellant. We think it admissible for that purpose. We have carefully examined the facts in evidence and believe them sufficient to justify and support the verdict of the jury and judgment of the court below.

No error appearing, the judgment will be affirmed.

## On Motion for Rehearing.

HAWKINS, J. Appellant renews his contention that error was committed in overruling his application for continuance because of the absence of John Brown. The indictment was returned on the 25th day of February, 1925; appellant was not arrested until the 25th day of September, 1928, more than 3½ years having elapsed. The court convened on the 12th day of November, 1928. Process for Brown was not applied for until the 22d day of November and was issued on the 24th. The case was set down for trial by the court and the day of setting posted on a bulletin board in the courtroom about November 19th. Appellant attempts to excuse delay in applying for process by averring in his motion for rehearing that it was the "rule and practice in the court not to issue process until the case had been assigned for trial." We fail to find any evidence supporting this averment. It does appear that the court made no announcement from the bench regarding the assignment of cases but had the assignment posted on a bulletin board, and the attorneys recognized such custom for information as to when cases would be called for trial, but nothing is shown indicating that the court would not permit process to be issued prior to the assignment so posted. It appears from the application for continuance that appellant had endeavored to locate Brown "since this case was set," which at least implies that no effort had been made to ascertain his whereabouts for the two months between appellant's arrest and the assignment of the case for trial. In conformity with many prior decisions of this court, we must hold that appellant was lacking in diligence. However, if such were not the case, we could not hold it error to refuse the continuance on the further ground now to be considered. The application avers that the state would contend that appellant sold whisky to Oscar Nash on the date alleged in the indictment—which was November 29, 1924—and that appellant could prove by Brown that on said date appellant was not in the hotel. Nash did not fix the date of the transaction as occurring on the 29th day of November nor indeed during the month of November, as is more fully shown in his testimony copied in paragraph 4 of this opinion. Hence the averments as to what appellant expected to prove by Brown are of little significance.

We have reviewed the question presented by bills of exception Nos. 4 and 5, which com-

plain of evidence received from the officers regarding their efforts to locate and arrest appellant during the 3½ years that had elapsed since the returning of the indictment, the objection being that appellant was not shown to have known that he was under indictment or that the officers were seeking him. Discussing the identical point here made, Mr. Wigmore says: "It is occasionally required by a court that the accused should have been *aware* that he was charged or suspected. This is unnecessary; it is the act of departure that is itself evidential; ignorance of the charge is merely a circumstance that tends to explain away the guilty significance of the conduct." Wigmore on Evidence (2d Ed.) vol. 1, § 276, p. 563.

 The record shows that appellant left Kaufman before the indictment was returned. It was within appellant's power to have explained that his leaving had no connection with the present charge and that he was ignorant thereof at the time he departed. Appellant offered no evidence upon this or any other issue.

In order to make clear our view regarding the complaint urged in bill of exception No. 3, we set out the testimony of Nash, the alleged purchaser, in so far as it seems pertinent: "I know the defendant, Oscar Porter. I knew him when he was in the hotel business here in Kaufman. I don't remember the month and date of his being at the Kaufman Hotel, but I remember that he was in the hotel business the latter part of 1924. I was living here in Kaufman at that time. * * * I remember an occasion when I bought some whisky from the defendant, Oscar Porter, at the Kaufman Hotel, but * * * I don't remember the details; I don't remember what part of the hotel we were in, or what time of day it was, or how much I paid him for the whisky. Independent of the written statement you have there, I don't remember what happened just before I went after the liquor, but at the time I made that statement it was true, and I believe now that the statement is true. I remember one occasion when Walter Hamilton, Ole M'Jaaland and I made up some money to buy some whisky, but I don't remember whether that was the time you refer to or not. I don't even remember, approximately, the time of year I bought the whisky. I don't remember, independent of that statement, that it was some time the latter part of November, 1924. I think I left to go to Austin in September, 1925. It was the year before I left here that this transaction occurred. I had made a statement about buying the whisky before I left Kaufman. * * * I bought the liquor from Oscar Porter in 1924, I got it from him in the Kaufman Hotel—that was the hotel he was running at that time. * . * * I do not remember how much I paid per pint for the whisky. I paid money for the whisky, and it was whisky I got from the defendant."

 The witness Nash was not cross-examined at all. The statement to which he referred had been made by him more than three years prior to the trial. It was not before the jury, nor is it before us. The state proved over objection by the witness Majaaland that some time before Christmas in 1924 he furnished $2.50 and Nash furnished a like amount, and that Nash went off and got some whisky. Witness did not undertake to identify this transaction with a purchase claimed to have been made by Nash, nor did he undertake to say where Nash procured the whisky. Under the circumstances, the writer thinks Majaaland's testimony was inadmissible. In view of Nash's testimony, that of Majaaland seems to be entirely without probative force. We do not agree with appellant that the admission of such testimony, although erroneous, demands a reversal. Nash very positively testified to his purchase of whisky from appellant some time during the year 1924. Appellant offered no denial either by his own testimony or that of any other witness. He offered no testimony whatever. If an issue had been made upon a question of sale and the jury could have appropriated Majaaland's testimony in support of that given by Nash, or if the punishment had been more than the minimum with a possibility that it was brought about by Majaaland's testimony, the question would be presented in a different light. Under the facts, however, we feel that a reversal would not be warranted.

The motion for rehearing is overruled.